## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **MARION LEWIS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:12-CV-446-Y** |
| | § | |
| **JUSTIN JONES, Director,** | § | |
| **OKLAHOMA DEPARTMENT OF** | § | |
| **CORRECTIONS,** | § | |
| **GREG ABBOTT, Attorney General,** | § | |
| **the State of Texas,** | § | |
| **Respondents.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Marion Lewis, ID #200105, is confined at the Oklahoma Forensic Center (OFC),

a psychiatric hospital, in Vinita, Oklahoma.

Respondent Justin Jones is the Director of OFC, and Respondent Greg Abbot is Attorney

General for the State of Texas.

## C. Factual and Procedural History

On April 22, 1998, pursuant to a plea bargain agreement, petitioner pleaded nolo contendere to aggravated sexual assault of a child in Criminal District Court Number One of Tarrant County, Texas, Case No. 0548558R, and was sentenced to ten years' confinement. (State Habeas R. at 37) Petitioner's ten-year sentence fully expired on May 7, 2002. (Resp't MTD, Ex. A) Petitioner was later convicted in 2004 of multiple counts of first degree rape and forcible oral sodomy and one count of indecent or lewd acts with a child, "after former conviction for a felony," in Oklahoma County District Court, Case No. CF 2002-5082. (Resp't Reply, Ex. B) The 2004 convictions were reversed by the Oklahoma Court of Criminal Appeals in 2005. (*Id.*) Petitioner is confined at OFC due to a finding of incompetency to stand retrial. (*Id.*, Ex. A)

On March 19, 2012, petitioner filed a state application for writ of habeas corpus challenging his 1998 Tarrant County conviction on the grounds raised herein, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court. (State Habeas R. at cover) In this petition, filed on June 29, 2012, petitioner claims that, based on newly discovered evidence, he now has proof that the child victim was actually an adult at the time of the offense. (Pet. at 6, 9; Pet'r Reply at 2) Respondent Abbott has filed a motion to dismiss the petition for lack of subject matter jurisdiction or, in the alternative, on limitations grounds. (Resp't MTD at 2-7)

## D. Subject Matter Jurisdiction

Abbott asserts that this court lacks subject matter jurisdiction to consider the petition because petitioner had discharged his sentence for the 1998 Tarrant County conviction long before he filed the instant federal petition. (*Id.* at 2) Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the conviction the subject

2

of the proceeding. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 394 (2001)[1]; *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng*, 490 U.S. at 490–91.

Petitioner's sentence for his 1998 Tarrant County conviction fully expired on May 7, 2002, over ten years before this petition was filed. Thus, petitioner was not in custody under that conviction at the time his petition was filed. The requirement that petitioner register as a sex offender does not render him "in custody" for purposes of a habeas attack upon his 1998 conviction. *See Resendiz v. Kovensky*, 416 F.3d 952, 959 (9th Cir.), *cert denied*, 126 S. Ct. 757 (2005); *Leslie v. Randle*, 296 F.3d 518, 521 (6th Cir. 2002); *Cramer v. Quarterman*, No. 4:06-CV-201-A, 2006 WL 2252714, at *2 (N.D.Tex. Aug. 4, 2006); *Prieto v. Cockrell*, Civil Action No. 3-01-1521-M, 2001 WL 1445351 (N.D.Tex. Nov. 14, 2001). Nor does the fact that the prior conviction is used to enhance the sentence(s) imposed for any subsequent crimes of which petitioner is convicted. *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93.

Because petitioner was not in custody under the 1998 Tarrant County conviction and sentence at the time this petition was filed, he may not now challenge the conviction directly in a § 2254 petition. The court has no jurisdiction to entertain the petition.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that Abbott's motion to dismiss be granted and that petitioner's petition for writ of habeas corpus be dismissed for lack of jurisdiction.

---

[1]The Supreme Court has noted that the *Lackawanna* rule does not apply when the prior conviction was obtained and there was a failure to appoint counsel. *Lackawanna*, 532 U.S. at 404. That exception is inapplicable in this case as the record reflects that petitioner was represented by counsel when he entered his nolo contendere plea to the aggravated sexual assault offense.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September ___25___, 2012.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September ___25___, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

4

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September _____5_____, 2012.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE